UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TYRONE CARMICHAEL,

                          Plaintiff,

                                                              MEMORANDUM
          -against-                                           AND ORDER
                                                              07-CV-2022 (JG) (LB)


CAPTAIN HOBBS, Correction Officer,
CORRECTION DEPARTMENT OF THE CITY
OF NEW YORK, NURSE WHO TREATED ME
ON 11/28/02,

                          Defendants.
-------------------------------------------------------------x
A P P E A R A N C E S :

          TYRONE CARMICHAEL
                   03A4763
                   Southport Correctional Facility
                   P.O. Box 2000
                   Pine City, NY 14871-2000
                   Plaintiff, *Pro Se*

          MICHAEL A. CARDOZO
                   Corporation Counsel of the City of New York
                   100 Church Street
                   New York, NY 10007
          By:      Sarah B. Evans
                   Brian Francolla
                   Attorney for Defendants

JOHN GLEESON, United States District Judge:

                   Tyrone Carmichael brings this *pro se* action seeking damages under 42 U.S.C. §

1983 for his alleged assault at the hands of corrections officers while he was incarcerated at

Rikers Island Correctional Facility.  The defendants move to dismiss this action as time-barred.

For the reasons stated below, the motion is granted.

BACKGROUND

On May 11, 2007, Carmichael filed this action, claiming that on November 28, 2002, he was assaulted by corrections officers while he was in custody at Rikers Island Correctional Facility. On August 6, 2007, I granted *in forma pauperis* status but, believing that 28 U.S.C. §§ 1915, 1915A authorized me to dismiss complaints *sua sponte* on statute of limitations grounds, directed Carmichael to state by affirmation why the complaint should not be dismissed as time-barred. He responded with an affirmation on August 31, 2007, which alleged illiteracy and a speech impediment but did not provide sufficient detail to allow me to conclude that equitable tolling would prevent his claim from being time-barred. On September 11, 2007, I granted him an additional opportunity to specify more clearly any grounds which might entitle him to equitable tolling, and on November 29, 2007 I extended his time to respond in response to a request he made on October 8, 2007.

Carmichael submitted two affirmations in support of his claim. The first, dated December 5, 2007, was written by Mitch Youngling, a teacher employed by Carmichael's prison. It states that Carmichael delayed bringing his action due to illiteracy and his inability to find anyone to help him until August of 2007. Youngling Aff.[1] The second, dated January 1, 2008, is written in Carmichael's name and alleges that Carmichael is mentally disabled and illiterate and was unaware of the existence of the statute of limitations. Carmichael Aff. It attaches two records of psychological examinations Carmichael underwent on October 22, 2002 due to an incident in which Carmichael allegedly assaulted another individual. One of the

---

[1] This affirmation was written by Youngling in his own voice but signed by Carmichael. *Id.*

evaluations describes him as having "limited coping skills" and a history of assaultive behavior, Carmichael Aff. Ex. A 2-3, and the other describes him as psychotic, *id.* at 5, and records him reporting that he reads the Koran, *id.* at 4-5. Carmichael claims that he is attempting to obtain other medical records. Carmichael Aff. 2.

Due to doubts about my authority to dismiss his claims *sua sponte* pursuant to 28 U.S.C. §§ 1915, 1915A,[2] I ordered the Marshal to serve the defendants without making a determination regarding the timeliness of this action. The defendants have moved to dismiss on the grounds that this action is time-barred.[3]

---

[2]    Upon further consideration, I conclude that these doubts were not well-founded. In *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), the Supreme Court concluded that failure to exhaust administrative remedies was an affirmative defense and thus not appropriate grounds for *sua sponte* dismissal of *in forma pauperis* claims under 28 U.S.C. § 1915A. The Court rejected the argument that *sua sponte* dismissal could be appropriate because failure to exhaust was grounds for dismissal for failure to state a claim upon which relief may be granted. *Jones*, 127 S. Ct. at 920-21; *see* § 1915A(b)(1) (permitting *sua sponte* dismissal where the court determines that the allegations "fail to state a claim upon which relief may be granted"). In doing so, it distinguished two questions. The first is whether a requirement such as exhaustion is a pleading requirement or an affirmative defense. The second question is whether a failure to meet a requirement can result in the dismissal of an action for failure to state a claim. *See Jones*, 127 S. Ct. at 921 ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. Determining that Congress meant to include failure to exhaust under the rubric of 'failure to state a claim' in the screening provisions of the PLRA [*i.e.*, § 1915A(b)(1)] would thus not support treating exhaustion as a pleading requirement rather than an affirmative defense." (citations omitted)).

    *Jones*, then, indicates that affirmative defenses cannot be the basis for *sua sponte* dismissal under § 1915A, even if the success of the affirmative defense (and thus the complaint's failure to state a claim upon which relief may be granted) is evident from the face of the complaint. As *Jones* noted, a statute of limitations is an affirmative defense. 127 S. Ct. at 920-21 (citing Fed. R. Civ. P. 8(c)). Accordingly, *Jones* seems to suggest that § 1915A does not authorize *sua sponte* dismissal of a complaint on the basis of the statute of limitations.

    However, the Second Circuit construes *Jones* to prevent *sua sponte* dismissals on statute of limitations grounds only in the absence of notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 640-42 (2d Cir. 2007) (finding that the district court erred in dismissing several claims *sua sponte* on statute of limitations grounds but that the error was harmless because the plaintiff had an opportunity to make his tolling arguments in litigating other claims, not dismissed *sua sponte*, against other defendants); *cf. Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995) (holding *sua sponte* dismissal on statute of limitations grounds permissible under an earlier version of § 1915); *Acosta v. Artuz*, 221 F.3d 117, 124-25 (2d Cir. 2000) (allowing *sua sponte* dismissal of habeas corpus petition on grounds of statute of limitations but requiring notice and opportunity to be heard).

[3]    Carmichael has failed to respond to the defendants' motion to dismiss. However, I consider the arguments he raised in his affirmations in response to my order to show cause, as they respond to the precise issue the defendants raise.

DISCUSSION

A.      *The Legal Standard*

1.      *Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))).  Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds on which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65.  The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*).

2.       *42 U.S.C. § 1983's Statute of Limitations*

A claim under 42 U.S.C. § 1983 is subject to the default statute of limitations applicable to personal injury actions in the state in which the § 1983 claim is filed, which is three years in New York.  *Owens v. Okure*, 488 U.S. 235, 236, 251 (1989).   The tolling provisions for a state's statute of limitations are borrowed along with the statute itself.  *See Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980) (adopting the view that the New York federal courts considering the plaintiff's § 1983 claim are "obligated not only to apply the analogous New York statute of limitations to [the plaintiff's] federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations"); *see also, e.g.*, *Woods v. Candela*, 13 F.3d 574, 576 (2d Cir.) ("New York's tolling provisions govern the tolling of the statute of limitations."), *vacated on other grounds*, 512 U.S. 801 (1994).  New York's tolling rules allow for tolling based on insanity at the time the cause of action accrued, N.Y. C.P.L.R. 208, as well as several other grounds not apparently relevant here, N.Y. C.P.L.R. 204(a), 207, 209.  The burden is on the plaintiff to establish eligibility for such tolling.  *Vallen v. Carrol*, No. 02-CV-5666 (PKC), 2005 WL 2296620, at *4 (S.D.N.Y. Sept. 20, 2005) (citing *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 567-68 (3d Dep't 2005)).

Additionally, equitable tolling is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled.  *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (noting that New York law authorizes the use of the equitable estoppel doctrine to toll a statute of limitations "'when the plaintiff was induced by fraud,

misrepresentations or deception to refrain from filing a timely action.'" (quoting *Doe*, 793 N.Y.S.2d at 568)).  The plaintiff bears the burden of establishing equitable tolling.  *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

B.    *Carmichael's Complaint*

Carmichael filed this action on May 11, 2007, over three years after the November 28, 2002 incident.  Accordingly, his action is time-barred unless he can show that he is entitled to either statutory or equitable tolling.  *See Owens*, 488 U.S. at 251 (affirming application of three-year statute of limitations to § 1983 action filed in New York).

Carmichael's affirmations do not establish that he suffers from the type of incapacitating mental impairment that triggers N.Y. C.P.L.R. 208's tolling provisions.  "While the statute itself provides no definition of insanity, the New York Court of Appeals has established that, at a bare minimum, those asserting C.P.L.R. 208 insanity as a basis for tolling must prove that they 'are unable to protect their legal rights because of an over-all inability to function in society.'"  *Harrison v. Lutheran Med. Ctr.*, No. 05-CV-2059 (CBA), 2007 WL 3023830, at *4 (E.D.N.Y. Oct. 12, 2007) (quoting *McCarthy v. Volkswagen of America, Inc.*, 55 N.Y.2d 543, 548 (1982)).

Carmichael's general assertions of mental disability and his records indicating a behavioral disorder do not establish his inability to protect his legal rights.  *See, e.g.*, *McEachin v. City of New York*, No. 03-CV-6431 (CBA), 2007 WL 952065, at *4 (E.D.N.Y. Mar. 29, 2007) ("Apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone are insufficient to invoke the tolling provisions of [N.Y. C.P.L.R.] 208; the mental disability must be 'severe and incapacitating.'  Depression, stained relationships and

behavioral disorders are not uncommon issues facing the prison population as a whole and do not rise to the level of insanity." (citations omitted)).

Similarly, Carmichael's claimed mental impairments do not entitle him to equitable tolling. Courts will not allow equitable tolling based solely on a petitioner's claim of mental illness lacking "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Boos*, 201 F.3d at 185. Despite several opportunities, Carmichael has not demonstrated that his mental disabilities have had any effect on his ability to pursue his legal rights.

Carmichael's claims of illiteracy, even if true,[4] do not justify either statutory or equitable tolling. Illiteracy, ignorance of the law, and *pro se* status are not bases for tolling enumerated under New York law. *Cf.* N.Y. C.P.L.R. 204(a), 207-09 (enumerating grounds for tolling). Nor are they grounds for equitable tolling in the similar context of habeas corpus petitions. *See, e.g.*, *Bowman v. Walsh*, No. 07-CV-3586 (BMC), 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (citing cases); *see also Walker*, 430 F.3d at 564 (describing the standard applicable to equitable tolling for an incarcerated § 1983 plaintiff by quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004), which discusses the standard for equitably tolling the statute of limitations on habeas corpus petitions). Accordingly, I find that Carmichael has failed to show that his illiteracy, ignorance of the law, or pro se status justify tolling the statute of limitations.

---

[4] *But see* Carmichael Aff. Ex. A 4-5 (recording Carmichael's report to physician that he reads the Koran).

CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 14, 2008
       Brooklyn, New York