```
UNITED STATES DISTRICT COURT          FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

TYRONE CARMICHAEL,

                    Plaintiff,
                                                MEMORANDUM
      -against-                                 AND ORDER
                                                07-CV-2022 (JG) (LB)

CAPTAIN HOBBS, Correction Officer,
CORRECTION DEPARTMENT OF THE CITY
OF NEW YORK, NURSE WHO TREATED ME
ON 11/28/02,

                    Defendants.
----------------------------------------------------------------x
A P P E A R A N C E S :

      TYRONE CARMICHAEL
            03A4763
            Great Meadow Correctional Facility
            P.O. Box 51
            Comstock, NY 12821-0051
            Plaintiff, Pro Se

      MICHAEL A. CARDOZO
            Corporation Counsel of the City of New York
            100 Church Street
            New York, NY 10007
      By:   Sarah B. Evans
            Brian Francolla
            Attorney for Defendants
```

JOHN GLEESON, United States District Judge:

Tyrone Carmichael filed this *pro se* action on May 11, 2007, seeking damages under 42 U.S.C. § 1983 for an alleged assault by corrections officers at Rikers Island Correctional Facility on November 28, 2002. On March 14, 2008, I dismissed the complaint, finding the action to be time-barred. *Carmichael v. Hobbs*, 07-CV-2022 (JG)(LB), 2008 WL 697347 (E.D.N.Y March 14, 2008).

A claim filed under § 1983 in a federal court in New York is governed by New York State's default three-year limitations period for personal injury actions. *Carmichael v. Hobbs*, 371 F. App'x 155, 156 (2d Cir. 2010); *Shomo v. City of New York*, 569 F.3d 176, 181 (2d Cir. 2009). Also applicable is the New York State rule for tolling the limitations period "'[i]f a person entitled to commence an action is under disability because of infancy or insanity at the time the cause of action accrues.'" *Carmichael*, 371 F. App'x at 156 (quoting N.Y. C.P.L.R. § 208 (McKinney)) (alteration in original). The plaintiff bears the burden of establishing eligibility for such tolling. *Basher v. Madonna Realty Corp.*, 01-CV-5116 (DLI)(VVP), 2007 WL 174130, at *2 (E.D.N.Y. Jan. 19, 2007); *Vallen v. Carrol*, Np. 02-CV-5666 (PKC), 2005 WL 2296620, at *4 (S.D.N.Y. Sept. 20, 2005) (citing *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 567-68 (3d Dep't 2005)). In dismissing his complaint in 2008, I held that he had not satisfied this burden. *Carmichael*, 2008 WL 697347, at *3.

On appeal, Carmichael submitted new evidence in the form of medical records bearing on his eligibility for equitable tolling under C.P.L.R. § 208. *Carmichael*, 371 F. App'x at 156. Defendant Correction Department of the City of New York ("the D.O.C.") also submitted new evidence pertaining to the number of lawsuits filed by Carmichael between 1998 and 2008. The D.O.C. asked the Second Circuit to remand the action to this Court to consider the new evidence submitted by both parties. Accordingly, the Second Circuit vacated my March 14, 2008 order dismissing Carmichael's claims and remanded the action for consideration of whether, in light of the new evidence, Carmichael was entitled to equitable tolling pursuant to C.P.L.R. § 208.

For the statute of limitations to be tolled under C.P.L.R. § 208, Carmichael must demonstrate "that he suffered from insanity continuously" during the period he seeks to toll,

*McEachin v. City of New York*, 03-CV-6421 (CBA), 2007 WL 952065, at *4 (E.D.N.Y. March 29, 2007), and that he experienced no "lucid interval of significant duration" during this time, *Graboi v. Kibel*, 432 F.Supp. 572, 579 (S.D.N.Y. 1977). In support of his argument for equitable tolling, Carmichael has submitted medical records covering a period from 1990 until 2008. *See Def.'s Mot. Dismiss*, Ex. A, Aug. 27, 2010. These records indicate that Carmichael has suffered from mental retardation/developmental disabilities and periodic episodes of mental illness during the relevant time period, but they provide no suggestion that Carmichael suffered from continuous insanity during those three years. *See id.* at Bates No. NYC 7 - NYC 10.

Moreover, § 208's tolling is intended to benefit "only those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy v. Volkswagen of America, Inc.*, 55 N.Y.2d 543, 548 (1982). I have conducted the careful, highly case-specific inquiry for which the case was remanded and have concluded that the plaintiff was not so hampered by mental illness that he was unable to timely file his complaint against defendants or otherwise protect his legal rights. *Def.'s Mot. Dismiss*, Ex. B, Aug. 27, 2010.

The assault giving rise to Carmichael's complaint is alleged to have occurred on November 28, 2002. In the absence of equitable tolling, the three-year limitations period therefore expired on November 27, 2005. During that period, Carmichael was able to protect his legal rights. In a document dated May 26, 2004 – just 18 months after the events giving rise to this case – Carmichael drafted a lengthy, detailed complaint about events occurring in 1999. That complaint was filed the following week in the Northern District of New York. *See Carmichael v. Goord*, No. 04-CV-637 (DNH)(RFT) (N.D.N.Y. June 2, 2004).

In another complaint dated July 23, 2005, more than four months before the limitations period expired in this case, Carmichael sought damages for claims arising out of being stabbed in the cheek. That complaint was filed in the Northern District of New York on September 6, 2005. *Carmichael v. Perez*, No. 05-CV-1118 (TJM)(DRH) (N.D.N.Y. Sept. 6, 2005). Three additional complaints were filed that same day. *Carmichael v. Perez*, No. 05-CV-01188 (TJM)(DEP); *Carmichael v. Perez*, No. 05-CV-01189 (TJM)(DEP) (N.D.N.Y. Sept. 6, 2005); *Carmichael v. Attica Correctional Facility*, No. 05-CV-1190 (FJS)(DRH) (N.D.N.Y. Sept. 6, 2005).

I am sensitive to the difficulties that all inmates face in bringing and prosecuting their lawsuits, and I regularly appoint counsel to assist them. I have considered once again on remand whether counsel should be appointed to assist Carmichael in his attempt to carry his burden of showing his entitlement to equitable tolling. But our experience in this district with *pro bono* counsel has taught us that it is important to screen the cases for which volunteer lawyers are sought to ensure that they have enough substance that counsel will retain the desire to receive more appointments. In my view this case does not warrant the appointment counsel because I think it is clear that the record of the case will preclude Carmichael from carrying his burden even if he is assisted by a lawyer. Since my dismissal of Carmichael's complaint, the Second Circuit has had occasion to discuss the availability of equitable tolling to a plaintiff suffering from mental illness. *See Bolarinwa v. Williams*, 593 F.3d 226 (2d Cir. 2010). The court observed that mental illness may indeed warrant equitable tolling in a range of cases, including civil rights actions. *Id.* at 232. It also observed that it is "clear, however, that mental illness does not toll a filing deadline *per* se"; rather, the plaintiff must "demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to

comply with the filing deadline, despite her diligent efforts to do so." *Id*. These principles are consistent with those underlying CPLR § 208. In light of Carmichael's indisputable ability as early as the spring of 2004 to protect his rights by filing a lawsuit, and because there is no basis in the record for a particularized showing of an extraordinary circumstance impairing his ability to file such lawsuits, I find that equitable tolling is not warranted here. *See also Vallen v. Carrol*, Np. 02-CV-5666 (PKC), 2005 WL 2296620, at *4 (S.D.N.Y. Sept. 20, 2005) (finding C.P.L.R. § 208 inapplicable where plaintiff filed and litigated two lawsuits in federal court during the three-year period following the incident at issue).

## CONCLUSION

Accordingly, I once again dismiss the action as time-barred. The Clerk is respectfully directed to enter judgment for the defendants.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 1, 2010
      Brooklyn, New York